Affirmed and Memorandum Opinion filed August 30, 2007








Affirmed and Memorandum Opinion filed August 30, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00440-CR

_______________

 

HASSAN ALI PEJOUHESH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 185th District Court

 Harris County, Texas

Trial Court Cause No. 1016980

                                                                                                                                                

 

M E M O R A N D U M  O P I N I O N

Appellant,
Hassan Ali Pejouhesh, pleaded guilty to driving while intoxicated, without an
agreed recommendation regarding punishment.  After a punishment hearing, the
trial court sentenced appellant to five years= confinement.  In his sole issue,
appellant contends the trial court considered information at the punishment
hearing in violation of appellant=s constitutional right to
confrontation.  Our disposition is based on settled law.  Accordingly, we issue
this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.[1] 








Discussion

Appellant
cites two instances in which the trial court allegedly considered information
at the punishment hearing in violation of appellant=s constitutional right to
confrontation: (1) during the evidentiary portion of the hearing; and (2)
during the State=s closing argument.

Evidentiary Portion of
the Hearing

During
the evidentiary portion of the hearing, pursuant to an apparent agreement with
appellant=s counsel, the State summarized the facts of the offense.  The State also
informed the trial court of appellant=s previous charges or convictions for
impersonating a public servant, driving while intoxicated, failure to identify,
and driving while license suspended. In addition, the State mentioned that
appellant was charged with driving while his license was suspended while he was
free on bond for the present case.  The State explained the charge was
dismissed because the prosecutor assigned to that case determined he would
experience difficulty proving appellant drove on a public roadway.  Then, the
State asserted, 

. . . Judge, don=t shoot the messenger.  I only say
that because when that case was filed, we called the officer and he told us
that he had been watching him drive for five blocks.  I=ve read the offense report.  I=ve talked to the chief down there and
- -  








Appellant
contends this comment violated his constitutional right to confrontation
because the officer=s statement suggesting appellant drove on a public roadway
was Atestimonial.@  See U.S. Const. amend.  VI (guaranteeing accused=s right Ato be confronted with the witnesses
against him@); Crawford v. Washington, 541 U.S. 36, 68 (2004) (holding
that, pursuant to the Confrontation Clause, an out‑of‑court Atestimonial@ statement is inadmissible unless the
declarant is unavailable and the defendant has had a prior opportunity for
cross‑examination).  However, appellant did not object to the comment.  A
party waives a complaint that admission of evidence violates his constitutional
right to confrontation by failing to object on that ground.  See Tex. R. App. P. 33.1(a)(1); Wright
v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000); Grant v. State,
218 S.W.3d 225, 228B29 (Tex. App.CHouston [14th Dist.] 2007, pet. ref=d).  

Appellant
contends his failure to object was excused under a Aright not recognized@ exception to this rule.  See
Black v. State, 816 S.W.2d 350, 368 (Tex. Crim. App. 1991) (Campbell J.,
concurring) (explaining, under Aright not recognized@ exception, a defendant is excused
from objecting if (1) a claim was so novel that the basis of the claim was not
reasonably available at the time of trial, or (2)  the law was so well settled
by the Court of Criminal Appeals that an objection at the time of trial would
have been futile).  Appellant acknowledges his punishment hearing was conducted
after issuance of Crawford.  Nevertheless, he contends his complaint was
Anovel@ because the Court had not yet issued
the Acontrolling@ case, Hammon v. Indiana.  In Hammon,
consolidated with Davis v. Washington, the United States Supreme Court
further refined the standard for determining whether statements obtained as a
result of police interrogations are Atestimonial.@  See Davis v. Washington,
126 S.Ct. 2266 (2006).  Specifically, the Court held:

Statements are nontestimonial when made in the course
of police interrogation under circumstances objectively indicating that the
primary purpose of the interrogation is to enable police assistance to meet an
ongoing emergency.  They are testimonial when the circumstances objectively
indicate that there is no such ongoing emergency, and that the primary purpose
of the interrogation is to establish or prove past events potentially relevant
to later criminal prosecution.

Id. at 2273B74.   








However,
any Aright not recognized@ exception is inapplicable in this
case.[2]  Appellant
does not challenge a statement obtained by police, as addressed in Davis
and Hammon.  Rather, he challenges a statement obtained from a
police officer by a prosecutor.  Appellant contends that the officer=s statement was Atestimonial@ because the State contacted the
officer seeking information primarily for purposes of criminal prosecution. 
Even in Crawford, while declining to comprehensively define Atestimonial,@ the Court noted three formulations
of Acore@ testimonial evidence including: Astatements that were made under
circumstances which would lead an objective witness reasonably to believe that
the statement would be available for use at a later trial.@  Crawford, 541 U.S. at 51B52.  Thus, at the punishment hearing,
appellant should have been aware that a statement obtained by a prosecutor from
a police officer regarding the facts of an offense may be Atestimonial.@








Moreover,
even before Crawford, a defendant was required to preserve his right to
confrontation through a timely and specific objection.  See Bunton v. State,
136 S.W.3d 355, 369 (Tex. App.CAustin 2004, pet. ref=d) (finding defendant waived
complaint regarding alleged denial of his constitutional right to confront
witnesses by failing to object at trial despite subsequent  issuance of Crawford);
see also Courson v. State, 160 S.W.3d 125, 128S129 (Tex. App.CFort Worth 2005, no pet.) (same). 
Although the Crawford  Court Asubstantially altered the law with
respect to the . . . Confrontation Clause and the relationship of that clause
to the rules of evidence,@ the constitutional right to confront one=s accusers is neither new nor novel. 
Bunton, 136 S.W.3d at 369; see Courson, 160 S.W.3d at 129. 
Accordingly, appellant waived his complaint regarding the State=s comment at issue by failing to
object.

State=s Closing Argument 

Appellant
also contends that a remark made by the State during closing argument violated
appellant=s constitutional right to confrontation.  The State had already
established appellant was previously convicted for impersonating a public
servant.  During argument, the State mentioned another similar charge that was
dismissed.  Relative to both charges, the State asserted, without objection: 

. . . he was a fire extinguisher inspector, yet had
two different instances where he actually was posing as a fire marshal and
threatening retailers . . .

Appellant
seems to acknowledge his trial counsel should have objected to this remark on
the ground the State argued facts outside the evidence.  However, appellant
also characterizes the State=s comment as evidentiary.  He asserts the State conveyed
information obtained strictly for purposes of prosecution. Thus, appellant
argues the information was Atestimonial,@ and his failure to object was excused based on the
subsequent decisions in Hammon and Davis.  We disagree.

We note
the State did not express how it obtained the information concerning these
previous offenses; i.e. whether it gleaned the facts from an offense report,
police officer, complainant, or some other source.  Regardless, again,
appellant=s claim that the State=s recitation of facts concerning previous offenses may have
violated his right to confrontation is not novel.  Therefore, even if the State=s comment during closing argument
constituted evidence, appellant waived his complaint by failing to object.

 

 








Accordingly,
we overrule appellant=s sole issue and affirm the trial court=s judgment.

 

 

/s/        Charles W. Seymore

Justice

 

Judgment
rendered and Memorandum Opinion filed August 30, 2007.

Panel
consists of Justices Yates, Frost, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1] As a preliminary matter, in his brief, appellant
addresses the fact that his notice of appeal was not file-marked and thus does
not reflect it was timely filed.  However, the district clerk subsequently
filed a certificate reflecting the notice of appeal was timely filed.





[2]  The Court of Criminal Appeals has recently stated
that the Aright not recognized@ exception is inconsistent with the current Texas law of error
preservation.  See Sanchez v. State, 120 S.W.3d 359, 365, 367
(Tex. Crim. App. 2003); Smith v. State, No. 08‑03‑00359‑CR,
2005 WL 1303309, *3 (Tex. App.CEl Paso May 31,
2005, pet. dism=d, untimely filed) (not designated for publication)
(recognizing Aright not recognized@ exception has been generally eliminated from Texas jurisprudence); but
see Aguirre v. State, No. 01‑06‑00417‑CR, 2007
WL 1775979, *5 n.5 (Tex. App.CHouston [1st
Dist.] June 21, 2007, no pet.) (not designated for publication) (suggesting
exception may still be viable).  Regardless, even if the exception were still
viable in some instances, it does not apply in this case.